UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Patricia Ann Andrews, as substitute party for Eugene Robert Andrews, III, | ) ) | Civil Action No.: 0:14-cv-04009-RBH |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| Defendant. | ) ) ) ) | |

Plaintiff Patricia Ann Andrews ("Plaintiff"), on behalf of the deceased claimant Eugene Robert Andrews, III ("Andrews"), seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Andrews's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). The matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge recommends the Court affirm the Commissioner's decision. [ECF #14, p. 1].

**Factual Findings and Procedural History**

On May 26, 2011, Andrews filed a claim for DIB alleging a disability onset date of February 12, 2011. [ECF #10, p. 1]. Andrews previously received a closed period of disability from December 17, 2008 until August 31, 2010, because he suffered from a work-related injury to his right hand on December 17, 2008. [ECF #10, p. 2]. After being unable to return to work, Andrews filed this new application. [ECF #10, p. 2]. The Commissioner denied his application initially and on reconsideration, so Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). [ECF #10, p. 1]. The

ALJ held a hearing on February 11, 2013. [ECF #10, p. 2].  The ALJ denied Andrews's claim on May

3, 2013, finding that Andrews was not disabled. [ECF #14, p. 3].  The ALJ's findings were as follows:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2.  The claimant has not engaged in substantial gainful activity since February 12, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*).

. . . .

3.  The claimant has the following severe impairments: Status post traumatic injury to the right hand with amputation of the middle and ring fingers and deformities to the index and little fingers, degenerative joint disease of the right shoulder status post arthroscopic surgery, obesity, anxiety disorder, personality disorder, and bipolar disorder (20 CFR 404.1520(c)).

. . . .

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

. . . .

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) with certain additional limitations.  The claimant is capable of lifting and/or carrying 50 pounds occasionally and 25 pounds frequently.  The claimant is capable of sitting, standing, and walking for 6 hours each out of an 8-hour workday.  The claimant can never push/pull with the right upper extremity.  The claimant can never climb ladders, ropes, or scaffolds.  The claimant can use the right upper extremity only as a helper hand.  The claimant must avoid concentrated exposure to hazards.  The claimant can perform work involving simple, one-two step tasks and occasional contact with the public.

. . . .

6.      The claimant is unable to perform any past relevant work (20 CFR 404.1565).

. . . .

7.      The claimant was born on March 1, 1969 and was 41 years old, which is defined as a younger individual age 18-49 (20 CFR 404.1563).

8.      The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

. . . .

11.     The claimant has not been under a disability, as defined in the Social Security Act, from February 12, 2011, through the date of this decision (20 CFR 404.1520(g)).

[ECF #6-2, pp. 13-28].

On May 12, 2013, Andrews died, and his wife completed a Substitution of Party Form on July 2, 2013. [ECF #14, p. 4]. Thereafter, Plaintiff requested review of the ALJ's decision. [ECF # 14, p. 4]. On August 19, 2014, the Appeals Council denied Plaintiff's request to review the ALJ's decision, making the decision of the ALJ the final decision of the Commissioner. [ECF #14, p. 4].

On October 15, 2014, Plaintiff filed a complaint seeking judicial review of the Commissioner's

decision. [ECF #1].  Both Plaintiff and Defendant filed briefs [ECF #10; ECF #12], and the Magistrate

Judge issued her Report and Recommendation on October 26, 2015, recommending that the

Commissioner's decision be affirmed. [ECF #14, pp. 11, 18].  Plaintiff filed objections on November

12, 2015. [ECF #15].  Defendant replied to these objections on December 2, 2015. [ECF #16].

## Standard of Review

### I.    Judicial Review of the Commissioner's Findings

The federal judiciary has a limited role in the administrative scheme established by the Act,

which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial

evidence." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than

a scintilla, but less than preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that

substitutes the Court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157-58

(4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968).  The Court must uphold the

Commissioner's factual findings "if they are supported by substantial evidence and were reached

through application of the correct legal standard."  *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir.

2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court

disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence

supports it).  This standard of review does not require, however, mechanical acceptance of the

Commissioner's findings.  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  The Court "must not

abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound

foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**II.    The Court's Review of the Magistrate Judge's Report and Recommendation**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those portions of the Report and Recommendation ("R & R") to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error,  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## Applicable Law

Under the Act, Andrews's eligibility for the sought-after benefits hinges on whether he is under a "disability."  42 U.S.C. § 423(a).  The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove

disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). The claimant may establish a

prima facie case of disability based solely upon medical evidence by demonstrating that his impairments

meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the

Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability

by proving he could not perform his customary occupation as the result of physical or mental

impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is

premised on the claimant's inability to resolve the question solely on medical considerations, and it is

therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20

C.F.R. § 404.1560(a) & § 416.960(a). These factors include the claimant's (1) residual functional

capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant

numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563,

404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966. If an assessment

of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his

previous work, it then becomes necessary to determine whether the claimant can perform some other

type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1).

Appendix 2 of Subpart P governs the interrelation between these vocational factors. Thus, according

to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined

(1) whether the claimant currently has gainful employment, (2) whether he suffers from a severe

physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix

1, (4) whether, if those criteria are met, the impairment prevents him from returning to previous work,

and (5) whether the impairment prevents him from performing some other available work.

### Analysis

Plaintiff raised the following issues for judicial review:

(1) Did the Defendant fail to properly address the treating physician evidence?
(2) Did the Defendant fail to properly address the opinion of Dr. Benson Hecker and assess [Andrews's] vocation and rehabilitation status?
(3) Did the Defendant commit reversible error by mischaracterizing and misstating the record in significant aspects?
(4) Did the Defendant fail to make a proper credibility finding?

[ECF #1, p. 1].[1]

In the R&R, The Magistrate Judge recommends affirming the Commissioner's decision, determining that Plaintiff has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. [ECF #14, p. 18]. Specifically, the Magistrate Judge concludes that, with respect to the treating physician evidence, the ALJ appears to have applied the relevant factors in evaluating opinion evidence from Dr. Sanders and Dr. Owens, and that Plaintiff has failed to demonstrate that the ALJ's evaluation of the weight attributable to these opinions is unsupported by substantial evidence or based on an incorrect application of the law. [ECF #14, p. 9]. The Magistrate Judge also determines that the ALJ's decision regarding the vocational expert opinion of Dr. Hecker indicates that the ALJ weighed the appropriate factors in evaluating that opinion. [ECF #14, p. 13]. The Magistrate Judge analyzes the last two issues raised by Plaintiff regarding mischaracterization of the record and findings of Andrews's credibility together. The Magistrate Judge determines that the ALJ considered appropriate factors in determining whether

---

[1] Though raised in Plaintiff's initial brief [ECF #1], Plaintiff does not object to the Magistrate Judge's findings regarding the first and second issue. This Court finds no clear error on the face of the record in adopting and accepting the Magistrate Judge's recommendation as to the first two issues raised by Plaintiff. *Diamond*, 416 F.3d at 315.

Andrews was disabled, and Plaintiff failed to demonstrate that the ALJ's finding that Andrews's daily

activities were inconsistent with his subjective complaints was unsupported by substantial evidence.

[ECF #14, p. 16]. Finally, the Magistrate Judge finds that Plaintiff did not demonstrate that the ALJ's

determination that Andrews was not "entirely credible" is unsupported or controlled by an error of law.

[ECF #14, p. 17].

Plaintiff objects to both the Magistrate Judge's finding that the Commissioner did not

mischaracterize and misstate the record and the finding that the Commissioner did not fail to make a

proper credibility finding. In response, Defendant filed a succinct brief, requesting that this Court

overrule Plaintiff's objections and adopt the Magistrate Judge's R&R. [ECF #16]. Plaintiff's objections

appear to reiterate the substance of the arguments previously made in Plaintiff's initial brief. [*Compare*

ECF #10, *with* ECF #15].  However, in light of Plaintiff's objections and pursuant to 28 U.S.C.

§ 636(b)(1), the Court must conduct a de novo review of the Magistrate Judge's R & R.  Therefore, the

Court will address Plaintiff's objections in turn.

## I.    Mischaracterization/Misstatement of the Record

Plaintiff's first objection is that the ALJ did not apply the correct legal standard in determining

what constitutes "substantial evidence." [ECF #15, p. 1]. Plaintiff argues that the ALJ's use of

Andrews's answers to a standard group of questions as determinative of whether Andrews was disabled

does not constitute "substantial evidence." [ECF #15, p. 1].[2]  A determination as to an individual's

disability includes all symptoms, including pain, and the extent to which those symptoms can

---

[2] Within his first objection, Plaintiff includes the Magistrate Judge's perceived misunderstanding of the importance of Andrews's death as evidence that Andrews's subjective complaints were not properly characterized or analyzed. To the contrary, the Magistrate Judge included a footnote in which she concluded that the Plaintiff did not demonstrate how Andrews's death rendered the ALJ's decision unsupported by substantial evidence or controlled by an error of law.  This Court agrees with the Magistrate Judge that Andrews's untimely death does not alter the ALJ's analysis or decision.

reasonably be accepted as consistent with objective medical evidence and other evidence. 20 C.F.R. §

404.1529(a).    In evaluating subjective complaints, the social security regulations allow the

Commissioner to consider the following relevant factors:

> (i) Your daily activities;
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529.  Among other activities, Andrews testified that he helped around the house with

chores such as washing laundry and dishes, vacuuming, taking out the trash, and cleaning the kitchen.

[ECF #6-2, p. 6].  The ALJ included in his determination that in the function reports, Andrews indicated

that he went outside three to four times a week, shopped for food and clothing once a week for two

hours, and attended church weekly. [ECF #6-2, p. 6].  At the hearing, Andrews testified that he went

to church and occasionally saw friends and family, and he also acknowledged going out to eat, taking

his son to the park, and attending his son's football games.  [ECF #6-2, p. 6].  Plaintiff's position is that

the Commissioner, in relying solely on these activities as evidence that Andrews was not disabled,

applies the wrong legal standard as to what constitutes substantial evidence of a disability. [ECF #15,

p. 2].  Plaintiff argues that relying on Andrews's testimony that he engaged in any of the "thirty two

things listed by ALJ Wilson" is not an adequate basis to find Andrews was not disabled. [ECF #15, p.

2].  However, rather than just relying on the responses to the ALJ's questions to Andrews, the ALJ also

considered factors such as the State agency consultants, the effect of obesity with respect to the

9

impairments, the severity of Andrews's mental impairments, his testimony at the hearing and in a function report completed by Andrews and his wife (Plaintiff) on June 27, 2011, identifying his daily activities, a telephone interview conducted by an agency representative, and information reported by Dr. Tollison regarding his mental state. [ECF #6-2, pp. 15-17].  At the same time, the ALJ found Andrews's allegations concerning the intensity, persistence and limiting effects of his symptoms inconsistent with the functional capacity assessment. [ECF #6-2, p. 19].  Thus, it is clear from the ALJ's determination that he did not limit his consideration of whether Andrews suffered from a disability to Andrews's responses to the ALJ's questions.  The Court finds there is substantial evidence to support the ALJ's finding that Andrews was not disabled.

## II.    Plaintiff's Credibility

Plaintiff objects to the ALJ's finding that Andrews was not entirely credible. [ECF #15, p. 1]. Specifically, Plaintiff believes that the Commissioner erred in relying on Andrews's testimony that he engaged in some physical activity to mean that he exaggerated his condition. [ECF #15, p. 2].  Plaintiff points to the reports of Dr. Owens and Dr. Hecker to support the claim that Andrews could not achieve sustained work activity on an eight-hour-per-day basis. [ECF #15, p. 4].

As an initial matter, the Magistrate Judge concludes that the ALJ appears to have applied the relevant factors in evaluating the opinions of Dr. Owens and Dr. Hecker. [ECF #14, pp. 9, 13]. Plaintiff did not raise any objections to this finding by the Magistrate Judge.  This Court does not find clear error in the Magistrate Judge's determination that the ALJ applied the relevant factors in weighing the opinion evidence of these two individuals.  Nonetheless, assessing a claimant's credibility involves a two-step process. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996) (citing 20 C.F.R. §§ 416.929(b) & 404.1529(b)).  First, objective medical evidence must show the existence of a medical impairment

10

that "could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the

claimant." *Id.* (internal quotation marks omitted). If the Commissioner determines the threshold step

is satisfied, the Commissioner must evaluate "the intensity and persistence of the claimant's pain, and

the extent to which it affects h[is] ability to work.[3] *Id.* at 595. The Commissioner's evaluation must

account for not only Plaintiff's statements about his pain, but also for all available evidence, "including

the claimant's medical history, medical signs, and laboratory findings . . . ; any objective medical

evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as

evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment

taken to alleviate it." *Id.* (internal quotation marks and citations omitted). The Commissioner may not

disregard or discredit Plaintiff's statements about pain solely because they are not substantiated by

objective medical evidence. *Id.* Once a claimant meets the "threshold obligation of showing by

objective medical evidence a condition reasonably likely to cause the pain claimed, [the claimant is]

entitled to rely exclusively on subjective evidence to prove the second part of the test, *i.e.*, that his pain

is so continuous and/or so severe that it prevents him from working a full eight hour day." *Hines v.*

*Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006). However,

> This is not to say . . . objective medical evidence and other objective
> evidence are not crucial to evaluating the intensity and persistence of
> a claimant's pain and the extent to which it impairs her ability to
> work. They most certainly are. Although a claimant's allegations
> about her pain may not be discredited solely because they are not
> substantiated by objective evidence of the pain itself or its severity,
> they need not be accepted to the extent they are inconsistent with the
> available evidence, including objective evidence of the underlying
> impairment, and the extent to which that impairment can reasonably
> be expected to cause the pain the claimant alleges she suffers . . . .

---

[3]The regulations set forth a framework for evaluating symptoms and prescribe seven factors for analyzing the claimant's credibility. 20 C.F.R. § 404.1529(c)(3). These factors were previously set forth in this Order. *See supra* pp. 8-9.

*Craig*, 76 F.3d at 595.  Finally, under its scope of review, the Court cannot make credibility determinations but may review the ALJ's decision to determine whether substantial evidence supports the ALJ's credibility assessment.  *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005).  The ALJ's "decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  SSR 96-7p.

The ALJ explained he found Andrews's statements concerning the intensity, persistence, and limiting effects of his impairments not credible because it was not consistent with the residual capacity assessment. [ECF #6-2, p. 19].  He also found that the medical evidence did not support the claimant's allegations. [ECF #6-2, p. 20].  Despite Plaintiff's assertions to the contrary, the ALJ made specific findings and based his findings on more than just Andrews's testimony regarding his daily activities. The ALJ's specific findings include, among other things, inconsistencies in Andrews's function report and his testimony at the hearing regarding household chores, Andrews's failure to follow through with medical treatment on occasion, and the inconsistency between Andrews's claimed activities and his allegations of disabling symptoms and limitations. [ECF #6-2, p. 20].

Plaintiff also argues that Andrews did not have the residual functional capacity to perform unskilled or low-stress work on a sustained basis.  However, the ALJ included findings to support his conclusion that Andrews could perform medium work. [ECF #6-2, p. 21]. Specifically, the ALJ considered Andrews's pain and other symptoms associated with his right hand and right shoulder impairment, along with Andrews's obesity, in concluding Andrews could perform "medium work". [ECF #6-2, p. 21].  In taking into account Andrews's medical side effects, pain, and mental symptoms,

12

the ALJ further limited Andrews's workload to that which does not involve concentrated exposure to hazards. [ECF #6-2, p. 21]. The ALJ based these findings on the examination and report by Dr. Knight and physical therapist TrVera Williams, MSPT, CSFA,CEAS. [ECF #6-2, p. 22].

Finally, the ALJ also considered Andrews's mental impairments in restricting Andrews to work involving simple, one-two step tasks and occasional contact with the public. [ECF #6-2, p. 23]. It is clear from the record that there is substantial evidence to support the ALJ's decision regarding both Andrews's credibility and the residual functional capacity. The Court agrees with the Magistrate Judge that the ALJ properly considered the factors found in 20 CFR § 404.1529 in evaluating Andrews's subjective complaints. The ALJ provided specific reasons for discrediting Andrews's statements, and the record contains substantial evidence supporting the ALJ's credibility determination.

## Conclusion

The Court has thoroughly reviewed the entire record as a whole, including the administrative record, the briefs, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, Defendant's response to Plaintiff's objections, and the applicable law. For the reasons set forth in the Court's order and the Magistrate Judge's R & R, the Court overrules Plaintiff's objections and adopts and incorporates by reference the R & R. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**


Florence, South Carolina                                    s/ R. Bryan Harwell
January 25, 2016                                            R. Bryan Harwell
                                                           United States District Judge